CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 11 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 4:11CR00039 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ANTOINE L. STANFIELD,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Antoine L. Stanfield, Pro Se Defendant.*

Defendant Antoine L. Stanfield, sentenced by the late District Judge Jackson L. Kiser, has filed a pro se motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). He argues that the risk posed to him by the COVID-19 pandemic constitutes an extraordinary and compelling reason for a sentence reduction. He further contends that if he were sentenced today, he would receive a shorter period of imprisonment than he is currently serving. For the reasons that follow, I will deny the motion.

I.

On March 15, 2012, the defendant, Antoine L. Stanfield, pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The

court determined that Stanfield qualified as a career offender under the United States Sentencing Guidelines § 4B1.1 based on his three prior controlled substance or crime of violence convictions. PSR ¶ 16, ECF No. 67.[1] Accordingly, with a total offense level of 31, and criminal history category of VI, Stanfield's sentencing guideline range was 188 to 235 months. The court sentenced him to a term of 188 months imprisonment, to be followed by four years of supervised release. Stanfield is 40 years old and is currently incarcerated at FCI Butner. His projected release date is January 3, 2030.

On December 2, 2021, Stanfield filed a pro se motion seeking compassionate release due to his fears for his health and safety because of COVID-19 and his sentence enhancement as a career offender. The Federal Public Defender's Office advised the court that it did not intend to file any further pleadings regarding the motion. On February 28, 2022, the United States filed a response in opposition to Stanfield's motion, along with his vaccination records. The matter is thus ripe for decision.

---

[1] United States Sentencing Guidelines Manual § 4B1.1 classifies a defendant as a "career offender" if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Only the third element is at issue in Stanfield's case.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.

A.

First, Stanfield argues that his underlying medical condition, obesity, puts him at an increased risk of serious illness or death if he were to contract COVID-19. The government responds that while obesity is recognized by the Centers for Disease Control and Prevention (CDC) as a high-risk factor, Stanfield has been fully vaccinated against COVID-19. He received his first and second dose of the Pfizer vaccine on March 3, 2021, and March 25, 2021, respectively. Gov't Resp. Opp'n. Ex. B, Vaccination Recs. 4–5, ECF No. 90-1.

The two vaccine doses Stanfield has received substantially reduce the risk that he faces. Centers for Disease Control and Prevention, *Pfizer-BioNtech COVID-19*

*Vaccine (also known as COMIRNATY) Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited April 11, 2022). According to the CDC, "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." Centers for Disease Control and Prevention, *Omicron Variant: What You Need to Know*, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited April 11, 2022). Given his vaccination status, I conclude that Stanfield has not established an extraordinary and compelling reason for relief.

Second, Stanfield contends that if he were sentenced today, he would not qualify as a career offender because one of his predicate offenses, Virginia assault and battery of a police officer (ABPO), in violation of Va. Code Ann. § 18.2-57(C), is not a "crime of violence." *United States v. Carthorne,* 726 F.3d 503, 507 (4th Cir. 2013). He further argues that another of his predicate offenses, sale of cocaine, does not meet the definition of "serious drug felony," because he "ultimately served ten months in boot camp." Def's Mot. 1, ECF No. 75. The government concedes that the ABPO conviction no longer qualifies a crime of violence. However, Stanfield's two other convictions, sale of cocaine, in violation of Va. Code Ann. § 18.2-248, and possession of cocaine with intent to distribute, in violation of Va. Code Ann. § 18.2-248, remain valid predicates. PSR ¶¶ 28, 33, ECF No. 67.

Stanfield has conflated his career-offender enhancement under the Sentencing Guidelines with the Armed Career Criminal Act's ("ACCA") statutory sentencing enhancement. Under ACCA, a defendant will be subject to a mandatory minimum if he has the requisite number of prior "serious drug felony" convictions, defined by the First Step Act to include only those offenses for which a defendant has "served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(57). The Sentencing Guidelines require only that the controlled-substance offense be "punishable by imprisonment for a term exceeding one year." USSG § 4B2.2(b) (2018). Stanfield's two prior drug convictions meet this definition, as he was sentenced to 12 months and 34 months, respectively. PSR ¶¶ 28, 33, ECF No. 67. Stanfield therefore has two still valid predicate offenses that support his career offender enhancement, which predicates were properly identified in his 2012 presentence report. *See United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018) (holding that "defendants have a right to adequate notice of the government's plan to seek an enhancement and of the convictions that may support that enhancement.") (internal question marks, citation, and alteration omitted).[2] The sentencing disparity

---

[2] The probation officer misidentified the paragraph numbers of the PSR that corresponded with a full description of the prior convictions. Nevertheless, the PSR provided Stanfield sufficient notice because it accurately stated the offenses: "paragraphs 25 (Sell Cocaine), 28 (Assault on a Police Officer) and 30 (Possess Cocaine with Intent to Distribute)." PSR ¶ 16, ECF No. 67.

Stanfield alleges does not exist. Accordingly, I conclude that he has not established extraordinary and compelling reason warranting relief.

### III.

For the reasons stated, it is **ORDERED** that the motion, ECF No. 75, is DENIED.

ENTER: April 11, 2022

/s/  JAMES P. JONES
Senior United States District Judge