CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 28 2022

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 4:11CR00039 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ANTOINE L. STANFIELD,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Antoine L. Stanfield, Pro Se Defendant.*

The court denied the defendant Antoine L. Stanfield's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A, *United States v. Stanfield*, No. 4:11CR00039, 2022 WL 1085619 (W.D. Va. Apr. 11, 2022), and he has now filed a motion seeking reconsideration of that denial. For the reasons stated hereafter, the motion will be denied.

The defendant pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Stanfield qualified as a career offender under the U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 and he was sentenced on July 13, 2012, under that guideline by the late District Judge Jackson L. Kiser to a term of incarceration. In his motion seeking a reduction in sentence, the defendant

contended that if he were sentenced today, he would not qualify as a career offender because one of his predicate offenses, Virginia assault and battery of a police officer (ABPO), in violation of Va. Code Ann. § 18.2-57(C), has since been determined not to be a crime of violence. *United States v. Carthorne*, 726 F.3d 503, 507 (4th Cir. 2013). He thus argued that the court should consider that disparity as an extraordinary and compelling reason for relief under § 3582(c)(1)(A.

The government conceded that the ABPO conviction no longer qualifies as a crime of violence. However, it argued that Stanfield's two other state convictions, one for sale of cocaine, and the other for possession of cocaine with intent to distribute, both in violation of Va. Code Ann. § 18.2-248, remain valid predicates. In ruling on the defendant's motion, I held that because there were still two valid predicate offenses that support his career offender enhancement, which predicates were properly identified in his 2012 presentence report, s*ee United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018), the sentencing disparity alleged does not exist.

The defendant now contends that one of the relied upon drug convictions, for which sentence was imposed on January 30, 2001, is not a proper predicate because he was not sentenced to more than one year for that offense. He also contends that the other drug offense, for which sentence was imposed on December 22, 2011, cannot be counted because it was not relied upon at his federal sentencing.

The career offender guideline is the same now as it was when the defendant was sentenced by Judge Kiser. It classifies a defendant as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A controlled substance offense means "an offense under federal or state law punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution . . . of a controlled substance . . . or the possession of a controlled substance . . . with intent . . . to distribute." USSG § 4B1.2(b). The 2001 conviction was a predicate because the state offense was a felony, that is, punishable by imprisonment for more than one year. *Id*. cmt. n.1 ("'Prior felony conviction'" means . . . an offense punishable . . . for a term exceeding one year, . . . regardless of the actual sentence imposed."). It was included because the sentence was imposed within 15 years of the defendant's commencement of the instant offense in light of his successive probation revocations and additional prison terms imposed. USSG § 4A1.2(k)(1), (2).

As to the 2011 sentence, as noted in the prior opinion, the probation officer misidentified the paragraph numbers of the Presentence Investigation Report (PSR) that corresponded with a full description of the prior convictions. Nevertheless, the

PSR provided the defendant sufficient notice because it accurately stated the offenses: "paragraphs 25 (Sell Cocaine), 28 (Assault on a Police Officer), and 30 (Possess Cocaine with Intent to Distribute)." PSR ¶ 16, ECF No. 67.

For these reasons, it is **ORDERED** that the Motion to Reconsider, ECF No. 95, is DENIED.

ENTER: July 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge