CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 20 2023
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:11CR00039 |
| v. ) | OPINION AND ORDER |
| ) | |
| ANTOINE L. STANFIELD, ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Charlene R. Day*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Antoine L. Stanfield*, Pro Se.

Antoine L. Stanfield has filed his second pro se motion[1] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender, although appointed to represent the defendant, has not appeared or made a filing on his behalf. The government opposes the motion. For the following reasons stated below, the defendant's motion will be denied.

I.

The defendant's sentence was determined in light of his prior felony convictions for the sale of cocaine, assault on a police officer, and the possession of cocaine with the intent to distribute. The defendant qualified as a career offender

---

[1] His prior motion was denied. *United States v. Stanfield*, No. 4:11CR00039, 2022 WL 1085619 (W.D. Va. Apr. 11, 2022), *mot. for recons. denied*, 2022 WL 3006345 (W.D. Va. July 28, 2022).

under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 and he was sentenced on July 13, 2012, under that guideline by the late District Judge Jackson L. Kiser to a term of incarceration.

In his present motion seeking a reduction in sentence, the defendant contends that if he had been sentenced today, he would not qualify as a career offender because two of his predicate offenses have since been determined not to be a crime of violence or a controlled substance offense. The predicate offenses under which he was previously convicted were the Virginia crimes of assault and battery of a police officer (ABPO), selling cocaine, and possessing cocaine with intent to distribute.[2] The defendant now relies upon *United States v. Campbell*, 22 F.4th 438, 449 (4th Cir. 2022), contending that *Campbell* carves out possession with the intent to distribute from the definition of controlled substance offense. Further, the defendant argues that the applicable factors set forth in § 3553(a) weigh in favor of his release.

The government has conceded that the ABPO conviction no longer qualifies as a crime of violence. However, the government contends that the defendant's present motion raises issues already ruled upon in his first such motion.

---

[2] *United States v. Stanfield*, 2022 WL 1085619, at *2 n.2.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence. Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

A.

The defendant also relies upon obesity and high blood pressure as grounds for reduction in sentence. But these grounds do not constitute an extraordinary and compelling reason for relief under the defendant's circumstances. Per the defendant's medical records, his blood pressure is moderate, and obesity is nearly moderate, and thus they do not qualify as an extraordinary and compelling reason for relief.

B.

The length of the defendant's current sentence is due, in part, to his status as a career offender. A defendant is deemed a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. USSG § 4B1.2(b).

The defendant argues that if he had been sentenced today, he would have received a shorter sentence because he would not be deemed a career offender under *Campbell*. Inchoate crimes are excluded from the definition of a controlled substance offense and thus do not qualify as a predicate offense for career criminal status. *Campbell*, 22 F.4th at 448–49. The defendant contends that his sentence would be shorter because one of his two remaining predicate offenses for career

-4-

criminal status, possession with intent to distribute, would no longer be a career offender predicate offense.

To determine whether a conviction under an asserted predicate offense statute constitutes an inchoate crime, as opposed to a "controlled substance offense" as defined by the Sentencing Guidelines, the Fourth Circuit employs a categorical approach. If the "least culpable" conduct criminalized by the predicate offense statute does not qualify as a controlled substance offense, the prior conviction cannot support a career offender enhancement. *United States v. King*, 673 F.3d 274, 278 (4th Cir. 2012). However, statutes are not construed as criminalizing attempt offenses when the statutory scheme contains a separate statute for attempt crimes. *United States v. Towles*, No. 3:22CR179 (DJN), 2023 WL 5246320, at *6 (E.D. Va. Aug. 15, 2023) (holding that a Virginia conviction for possession of a controlled substance with intent to distribute constitutes a controlled substance offense under the Sentencing Guidelines because Virginia has a separate statute that criminalizes attempted drug crimes) (citing *United States v. Groves*, 65 F.4th 166, 174 (4th Cir. 2023).

Because the defendant's conviction for possession with intent to distribute and sell cocaine is part of a statutory scheme which separately provides for the punishment of attempt and conspiracy, it is not an inchoate crime. Thus, the offense is still a controlled substance offense, and the defendant is still a career offender with

two predicate offenses. Because the defendant would be deemed a career offender if convicted at present, there is no disparity between his sentence and the sentence he would have received if he had been convicted today.

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 102, is DENIED.

ENTER: October 20, 2023

/s/  JAMES P. JONES
Senior United States District Judge