CLERKS OFFICE U.S. DIST. COURT
LYNCHBURG, VA
FILED
March 06, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ B. McAbee
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 4:11CR00039 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **ANTOINE L. STANFIELD,** | ) |
| | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Keith Parrella, Assistant United States Attorney, Roanoke, Virginia, for United States; Antoine L. Stanfield, Pro Se Defendant.*

The defendant, Antoine L. Stanfield, has filed his fourth Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Mr. Stanfield argues that he would no longer be considered a career offender if sentenced today. For the reasons discussed below, his motion will be denied.

I.

In 2012, Mr. Stanfield pleaded guilty to one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On July 13, 2012, the late District Judge Jackson L. Kiser sentenced him

---

[1] Mr. Stanfield filed, and later moved to withdraw, additional motions for compassionate release. Dkt. Nos. 113, 118, 119. This court subsequently granted Mr. Stanfield's motion to withdraw. Dkt. No. 123. Accordingly, those motions are not addressed herein.

to 188 months incarceration, the low end of the then-applicable guideline range. The sentence was based in part on Mr. Stanfield's designation as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines (USSG),[2] given his three prior controlled substance or crime of violence convictions.[3] Mr. Stanfield is 44 years old and is currently incarcerated at FCI Atlanta. His projected release date is August 15, 2030.

On June 6, 2019, Mr. Stanfield filed a letter inquiring as to whether he was eligible for a sentence reduction under the First Step Act and did not state grounds for requested relief. The letter was treated as a motion for compassionate release and was subsequently denied. Dkt. No. 69.

---

[2] A defendant is deemed a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). A "controlled substance offense" is defined as a felony offense under federal or state law that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b)(1).

[3] His prior convictions were for assault and battery of a police officer, in violation of Va. Code Ann. § 18.2-57(C); sale of cocaine, in violation of Va. Code Ann. § 18.2-248; and possession of cocaine with intent to distribute, also in violation of Va. Code Ann. § 18.2-248.

Mr. Stanfield filed his second motion pursuant to § 3582(c)(1)(A) on December 2, 2021, asserting that he faced a heightened risk of contracting COVID-19 and that he would no longer qualify as a career offender if sentenced today. The government conceded that Mr. Stanfield's assault and battery conviction no longer constituted a crime of violence. Mr. Stanfield also argued that another one of his predicate offenses — sale of cocaine — did not constitute a "serious drug felony." Mot. & Mem. Law 1, Dkt. No. 75. In denying Mr. Stanfield's motion, I explained that he had conflated his career offender enhancement under the USSG with the statutory sentencing enhancement of the Armed Career Criminal Act (ACCA), and that his predicate offenses validly supported his career offender enhancement. *United States v. Stanfield*, No. 4:11CR00039, 2022 WL 1085619, at *2 (W.D. Va. Apr. 11, 2022). Mr. Stanfield then filed a motion seeking reconsideration of that denial, which I also denied. *United States v. Stanfield*, No. 4:11CR00039, 2022 WL 3006345 (W.D. Va. July 28, 2022).

On May 8, 2023, Mr. Stanfield filed his third motion for compassionate release. In addition to asserting medical grounds for relief, he again raised his career offender argument in light of *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), *distinguished as stated in United States v. Nelson*, 151 F.4th 577 (4th Cir. 2025), *petition for cert. filed,* No. 25-6622 (U.S. Jan. 20, 2026). Mr. Stanfield argued that, pursuant to *Campbell*, his possession with intent to distribute conviction no

longer qualified as a controlled substance offense and thus constituted an invalid predicate for a career offender enhancement. I denied the motion, finding that Mr. Stanfield's conviction for possession with intent to distribute and sell cocaine was part of a statutory scheme that separately provides for the punishment of attempt and conspiracy. *United States v. Stanfield*, No. 4:11CR00039, 2023 WL 6937585, at *2 (W.D. Va. Oct. 20, 2023).

Before me is Mr. Stanfield's fourth motion for compassionate release. Mr. Stanfield again asserts that he no longer qualifies as a career offender. He has exhausted his administrative remedies, and the government has responded, opposing relief. The motion is now ripe for review.

II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction," and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Notwithstanding a finding of an extraordinary and compelling circumstance, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) counsel in favor of relief. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

III.

Mr. Stanfield again asserts that he no longer qualifies as a career offender, this time arguing that his conviction for the sale of cocaine under Va. Code Ann. § 18.2-248 is no longer a valid predicate for a career offender enhancement. When determining whether a conviction under an asserted predicate offense statute qualifies as a "controlled substance offense" under USSG § 4B1.1, the Fourth Circuit employs the categorical approach. *Nelson*, 151 F.4th at 580 (citation omitted). Under the categorical approach, "[i]f the least culpable conduct criminalized by the predicate offense statute does not qualify as a controlled substance offense, the prior conviction cannot support a career offender enhancement." *Id.* (internal quotation marks and citations omitted). Mr. Stanfield applies the categorical approach to assert that, pursuant to Va. Code Ann. § 54.1-3401, the definition of "sale" includes an "offer," and that an offer to sell does not qualify as a controlled substance offense.[4]

As the government argues, Va. Code Ann. § 54.1-3401 specifies that the definitions therein apply "[a]s used in this chapter," referring to Chapter 34 of Title 54.1 of the Code of Virginia, whereas Mr. Stanfield was convicted pursuant to section 18.2-248, which falls under Chapter 7 of Title 18.2 of the Code. The

---

[4] The relevant portion of section 54.1-3401 states that a sale "includes barter, exchange, or gift, or *offer therefor*, and each such transaction made by any person, whether as an individual, proprietor, agent, servant, or employee." (emphasis added).

-5-

government also asserts that Title 18.2 has its own sets of definitions, none of which define "sale" to include an "offer."

Notwithstanding, section 18.2-248(A) specifies that, "[e]xcept as authorized in the Drug Control Act (§ 54.1-3400 et seq.), it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." And the Fourth Circuit has previously incorporated definitions within section 54.1-3401 to apply to section 18.2-248. *See, e.g.*, *Nelson*, 151 F.4th at 580 (applying the definitions of "distribute" and "deliver" as stated in section 54.1-3401 to section 18.2-248); *United States v. Ward*, 972 F.3d 364, 371 (4th Cir. 2020) (applying the definition of "controlled substance" as articulated in section 54.1-3401 to section 18.2-248). Moreover, there is no separate statutory scheme under Virginia law that criminalizes an offer to sell a controlled substance from the actual sale of such.

The government assumes, arguendo, that even if a sale under section 18.2-248 included an offer to sell drugs, the USSG squarely classifies inchoate offenses as controlled substance offenses. USSG § 4B1.2(d) ("The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting,

attempting to commit, or conspiring to commit any such offense.").[5] However, Mr. Stanfield contends that an "offer" is broader than an "attempt," thus falling outside the conduct proscribed by the USSG.

It is true that federal circuits that apply the categorical approach have found an "offer" to encompass conduct broader than a "sale." *See, e.g.*, *United States v. Madkins*, 866 F.3d 1136, 1145, 1147 (10th Cir. 2017) (finding that "a person can offer a controlled substance for sale without having the intent to actually complete the sale," meaning "a conviction for an offer to sell can be broader than a conviction for an attempt to sell."); *United States v. Savage*, 542 F.3d 959, 966–67 (2d Cir. 2008) (holding that a defendant's prior conviction under Connecticut law did not qualify as a controlled substance offense when the predicate statute defined "sale" to include an "offer," because an offer "criminalizes more conduct than falls within the federal definition of a controlled substance offense."); *cf. United States v.*

---

[5] The language classifying inchoate offenses as controlled substance offenses was formally incorporated into USSG § 4B1.2(d) as of November 1, 2023, over a decade after Mr. Stanfield was sentenced. *See Peugh v. United States*, 569 U.S. 530, 544 (2013) ("A retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation."). Notwithstanding, at the time of Mr. Stanfield's sentencing, the language clarifying that inchoate offenses constituted controlled substance offenses could be found in the commentary to USSG § 4B1.2. And the Fourth Circuit has held that "Guidelines commentary is authoritative and binding . . . except when the commentary 'violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of,' the Guideline." *United States v. Moses*, 23 F.4th 347, 357 (4th Cir. 2022) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

*Thomas*, 886 F.3d 1274, 1276 (8th Cir. 2018) ("[T]o meet the Guidelines definition [of a controlled substance offense], a state law must require something more than a mere offer to sell.").

Nonetheless, I am bound by the precedents of the Fourth Circuit and the Supreme Court, and neither has clarified whether an "offer" is materially distinguishable from an "attempt" under Virginia law for the purposes of determining the validity of a predicate offense for a career offender enhancement.[6] Accordingly, I find that there has been no change in law consistent with USSG § 1B1.13(b)(6) that would result in a gross sentencing disparity.[7] Mr. Stanfield's conviction for the sale of cocaine remains a valid predicate for his career offender enhancement.

---

[6] In their briefing, both parties reference *United States v. Suncar*, 142 F.4th 259 (4th Cir. 2025), *cert. denied*, No. 25-5913, 2025 WL 3260261 (U.S. Nov. 24, 2025). There, the Fourth Circuit declined to find that an "offer to sell" was incorporated within the meaning of "attempted transfer" on the grounds that they constituted separate offenses under Pennsylvania law. Therefore, this ruling does not implicate the present case.

[7] USSG § 1B1.13(b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

IV.

I commend Mr. Stanfield for the steps he has taken to rehabilitate himself throughout his incarceration, including obtaining his GED, completing drug programming, working his way down to a low security facility, and maintaining employment. Notwithstanding, Mr. Stanfield has not presented this court with an extraordinary and compelling circumstance that would warrant a sentence reduction.

For the foregoing reasons, it is **ORDERED** that the Motion for Compassionate Release, Dkt. No. 124, is DENIED.

ENTER: March 6, 2026

/s/  JAMES P. JONES
Senior United States District Judge